UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

       v.

JOSEPH GREEN,

       Defendant.

**DECISION AND ORDER**

6:16-CR-06120 EAW

## I. **INTRODUCTION**

Pending before the Court is a *pro se* motion filed by defendant Joseph Green (hereinafter "Defendant") for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Dkt. 51).[1] For the reasons set forth below, Defendant's motion is denied.

## II. **FACTUAL AND PROCEDURAL BACKGROUND**

On December 6, 2016, pursuant to a plea agreement, Defendant waived indictment and pleaded guilty to a one-count felony information charging a violation of 18 U.S.C.

---

[1] Defendant cites to the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), Pub. L. 116-136, § 12003, 134 Stat. 281 (2020), and asks that the Court release him to home confinement. The Court does not have the authority to grant Defendant's request for relief under the CARES Act. *See, e.g.*, *United States v. Moore-Brown*, No. 3:17-CR-129, 2020 WL 2306855, at *1, *5 (M.D. Pa. May 8, 2020)("The determination of which inmates qualify for home confinement under the CARES Act is with the [Bureau of Prisons] Director."); *see also United States v. Sawicz*, No. 08-CR-287 (ARR), 2020 WL 1815851, at *1 (E.D.N.Y. Apr. 10, 2020) (explaining that the CARES Act expanded the maximum amount of time that the Bureau of Prisons Director may designate for a prisoner to spend in home confinement so long as the Attorney General makes certain findings concerning emergency conditions, which Attorney General Barr made in a memorandum dated April 3, 2020). Because of Defendant's *pro se* status, the Court will treat the motion as one seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

§§ 922(g)(1) and 924(a)(2) (felon in possession of firearm). (Dkt. 22; Dkt. 23; Dkt. 24; Dkt. 25). The plea agreement was entered into pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure and called for a prison sentence of 42 months. (Dkt. 24 at ¶ 10). On March 13, 2017, the Court calculated the Sentencing Guidelines as recommending a prison sentence of 37 to 46 months based on an offense level 17 and a criminal history category IV, and after accepting the parties' Rule 11(c)(1)(C) agreement, the Court sentenced Defendant to 42 months incarceration and three years supervised released. (Dkt. 32; Dkt. 33; Dkt. 44). Defendant is currently housed at Federal Correctional Institution Allenwood Medium ("FCI Allenwood Medium") in White Deer, Pennsylvania, and he is scheduled to be released on April 6, 2021. *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited June 8, 2020).

On May 22, 2020, Defendant filed the pending motion for compassionate release. (Dkt. 51). Defendant contends that his request for release is justified by his rehabilitation and good behavior while incarcerated. (*Id*. at 2). A letter of support was also submitted by Defendant's fiancé. (Dkt. 53). The Government filed papers in opposition to the motion on June 1, 2020, arguing that Defendant had failed to demonstrate extraordinary and compelling reasons justifying a reduction in his sentence and that the factors set forth at 18 U.S.C. § 3553(a) do not justify a sentence reduction. (Dkt. 54). In addition, at the direction of the Court, the United States Probation Office ("USPO") submitted a response to Defendant's motion on June 3, 2020. (Dkt. 55).

### III.  LEGAL STANDARD AND ANALYSIS

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Gotti*, __ F. Supp. 3d __, No. 02 CR 743-07 (CM), 2020 WL 497987, at *1 (S.D.N.Y. Jan. 15, 2020).  The compassionate release statute, as amended by the First Step Act, is such a statutory exception, and provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A).  Relief is appropriate pursuant to § 3582(c)(1)(A) when the following conditions are met: (1) the exhaustion requirement of the statute is satisfied; (2) extraordinary and compelling reasons warrant a reduction of the prison sentence; (3) the factors set forth at 18 U.S.C. § 3553(a) support modification of the prison term; and (4) the reduction in the prison sentence is consistent with the Sentencing Commission's policy statements.

The Government does not oppose Defendant's application on exhaustion grounds, as he has filed a request with the Warden at FCI Allenwood Medium for release and more than 30 days have elapsed since the Warden's receipt of that request (which was denied). (Dkt. 54 at 3 n.1); *see also United States v. Wen*, __ F. Supp. 3d __, No. 6:17-CR-06173

EAW, 2020 WL 1845104, at *4-5 (W.D.N.Y. Apr. 13, 2020) (as a claim-processing rule, § 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional and thus subject to the doctrines of waiver and equitable estoppel).  Thus, the exhaustion requirements of the statute do not operate to bar the Court's consideration of the motion.

However, the Court agrees with the Government that Defendant has failed to establish extraordinary and compelling reasons justifying the grant of his motion, and furthermore, the § 3553(a) factors counsel against granting Defendant's motion.  The facility where Defendant is housed does not have any positive cases of COVID-19[2] among its inmate population.  (Dkt. 54 at ¶ 14; Dkt. 55 at 1); *see also COVID-19: Coronavirus*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited June 8, 2020).  Moreover, Defendant, who is 36 years old, has not cited to any preexisting medical condition that places him at higher risk of serious illness from COVID-19 (*see* Dkt. 51), nor is there any information in the Presentence Investigation Report suggesting that Defendant would be particularly vulnerable to COVID-19 (Dkt. 34 at ¶¶ 63-64).[3]  *See*

---

[2]  On March 13, 2020, the President declared a National Emergency concerning COVID-19.  Proclamation No. 9994, 85 Fed. Reg. 15337 (Mar. 13, 2020).  According to the World Health Organization's website, as of June 8, 2020, there were 6,931,000 confirmed cases of COVID-19 worldwide, with 400,857 confirmed deaths.  *See Coronavirus (COVID-19)*, World Health Org., https://covid19.who.int/ (last visited June 8, 2020).

[3]  In the Warden's letter denying Defendant's request for a reduction in sentence or release to home confinement, she cited to Defendant's medical record as indicating that he suffers "from a debilitating or chronic medical condition. . . ."  (Dkt. 54-2 at 2).  It is not entirely clear what the Warden was referencing, but there is nothing in the record before the Court—most importantly in any information submitted by Defendant in support of his motion—suggesting that Defendant is especially vulnerable to COVID-19.

*generally Frequently Asked Questions: Higher Risk*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/faq.html#Higher-Risk (last visited June 8, 2020). Defendant has cited to his rehabilitation and lack of a disciplinary record[4] while incarcerated, but that does not rise to the level of "extraordinary and compelling reasons" justifying a reduction in sentence.

Moreover, given Defendant's criminal history and the dangerous nature of his underlying offenses of conviction, the Court agrees with the Government that consideration of the factors set forth at 18 U.S.C. § 3553(a) counsel against granting Defendant's requested relief. *See United States v. Ebbers*, No. (S4) 02-CR-1144-3 (VEC), __ F. Supp. 3d __, 2020 WL 91399, at *7 (S.D.N.Y. Jan. 8, 2020) ("The Court thus finds that, in considering the section 3553(a) factors, it should assess whether those factors outweigh the 'extraordinary and compelling reasons' warranting compassionate release, particularly whether compassionate release would undermine the goals of the original sentence.").

## IV.   CONCLUSION

For the foregoing reasons, Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Dkt. 51) is denied.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated:   June 10, 2020
         Rochester, New York

---

[4] The information provided by the USPO suggests that Defendant has, in fact, had disciplinary actions while incarcerated. (Dkt. 55 at 1).